IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOSEPH ALBERT GANDOLFF

    Plaintiff,

-vs-

    CASE NOS.: 1:07-MC08-SPM-AK;
    ~~1:07-MC09-SPM-AK;~~
    ~~1:07-MC10-SPM-AK~~

BY THE PLANET, INC.

    Defendant

_____/

## PLAINTIFF'S OBJECTIONS TO U.S. MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATIONS

### FACTUAL BACKGROUND

Plaintiff, JOSEPH ALBERT GANDOLFF on May 22, 2006 filed a Motion for Leave to Proceed In Forma Pauperis and a complaint in Case No. 1:06CV108-MP/AK alleging that his employer, By The Planet, Inc., had failed to pay him at least the applicable minimum wage for all hours worked under the Fair Labor Standards Act. 29 U.S.C. 201 Section 6, and had failed to pay him overtime pay for hours worked under the Fair Labor Standards Act. 29 U.S.C. 201 Section 7. Plaintiff then filed his first amended complaint on June 30, 2006. On October 11, 2006, Plaintiff was granted leave to proceed in forma pauperis and the complaint was served on the defendant on November 20, 2006, who failed to answer. Plaintiff requested Clerk's Entry of Default on January 19, 2007 which was granted on January 25, 2007. On January 26, 2007, Plaintiff requested a Motion for Default Judgment, a totally different thing than a Clerk's

Entry of Default. On April 10, 2007, the Court issued an Order mooting Motion for Default Judgment, stating in part that:

"The Clerk of Court has already entered a Default Judgment in the amount of $2,768.72",

and also stating in part that:

"The attached judgment may be taken to the County or Circuit Clerk's Office for enrollment as a judgment Lien. Plaintiff may need to seek counsel from an attorney or the staff at the County or Circuit Clerk's Office on the correct procedure for enrolling a judgment, but no further action by this Court is necessary and this case should be closed."

Plaintiff enrolled the certified judgment of this Court. On April 16, 2007, Plaintiff had a certified copy of the judgment recorded in the Alachua County Clerk of Courts Official Public Records. On April 23, 2007, Plaintiff obtained a Judgment Lien Certificate from the State of Florida Department of State pursuant to Chapters 55.201-55.209 Florida Statutes. A true and correct copy of the certified judgment is attached hereto as Exhibit 1. A true and correct copy of the Judgment Lien Certificate from the State of Florida Department of State is attached hereto as Exhibit 2. The Judgment was not appealed. The entire amount of the Judgment remains unsatisfied. The Plaintiff has the right to have the judgment enforced, by Writ of Execution or Writ of Garnishment.

On April 17, 2007, Plaintiff, filed for leave to proceed in forma pauperis, and pursuant to Rules 64 and 69 of the Federal Rules of Civil Procedure, and Chapter 77 of the Florida Statutes, filed three Motions To Issue Writ Of Garnishment After Judgment on three Garnishees,

AMAZON COM INC., Case No. 1:07-MC-08-SPM-AK

PAYPAL, INC., Case No. 1:07-MC-09-SPM-AK

COMPASS BANK, Case No. 1:07-MC-10-SPM-AK

The Plaintiff had reason to believe that the Garnishees possessed or control goods, monies, chattels, or effects belonging to the defendant.

## OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS

On July 3rd, 2007, Plaintiff received in the mail a Report and Recommendation by U.S. Magistrate Judge Allan Kornblum, and files his written objections.

Plaintiff objects to the part of the report that states:

"The undersigned had previously suggested to Plaintiff to take the certified judgment of this court to an attorney to assist him in enrolling it, but apparently he has not taken action on this suggestion".

The Plaintiff did in fact enroll the certified judgment of this Court, see Exhibit 1 and Exhibit 2. Also, the Plaintiff, is a disabled and indigent person, and is unable to afford the services of an attorney. The local legal aid service, Three Rivers Legal Services has informed Plaintiff that they do not take this type of case. The Plaintiff believes that he is entitled to redress. Plaintiff has diligently followed and abided by the Federal Rules of Civil Procedure and applicable Federal or State law.

Plaintiff objects to the part of the report that states:

There is nothing that the court is aware of in the Rules of Civil Procedure or other law to allow for a cause of action against entities holding property of a defendant against whom a default judgment has been entered and as such it is recommended that these miscellaneous actions should be dismissed"

The Plaintiff believes that there is in the Rules of Civil Procedures or other law to allow for a cause of action against entities holding property of a defendant against whom default judgment has been entered. In accordance with Rule 64 of the Federal Rules of Civil Procedure, a writ of garnishment may be issued pre- or post-judgment, according to state law

and practice. The requesting party may be required to provide an indemnity bond and an advance deposit to cover the U.S. Marshal's estimated out-of-pocket expenses. Under Rule 69 of the Federal Rules of Civil Procedure, any process issued to enforce a judgment for the payment of money is called a writ of execution. Consequently, in federal practice, there are no post-judgment writs of attachment or garnishment. Rather, the writ of attachment is denominated a writ of execution. Regardless of this denomination, however, enforcement of the writ is governed by state law as applicable to the analogous state law writ and procedure. Thus, a writ issued by a federal district court in Florida for enforcement of a judgment by garnishment will be called a writ of execution, but the U.S. Marshals Service will enforce the writ according to Florida state procedures for garnishment, Chapter 77 Florida Statutes.

Rule 64 Federal Rules of Civil Procedure states:

"At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the United States governs to the extent to which it is applicable; (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action."

Rule 69(a) Federal Rules of Civil Procedure states:

Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including

the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Florida Statutes Chapter 77 states:

77.01  Right to writ of garnishment.--Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person or any debt not evidenced by a negotiable instrument that will become due absolutely through the passage of time only to the defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person. The officers, agents, and employees of any companies or corporations are third persons in regard to the companies or corporations, and as such are subject to garnishment after judgment against the companies or corporations.

77.03  Issuance of writ after judgment.--After judgment has been obtained against defendant but before the writ of garnishment is issued, the plaintiff, the plaintiff's agent or attorney, shall file a motion (which shall not be verified or negative defendant's exemptions) stating the amount of the judgment. The motion may be filed and the writ issued either before or after the return of execution.

WHEREFORE, in light of the foregoing, and in the interest of Justice, Plaintiff respectfully requests:

That the Plaintiff's motions for leave to proceed be granted.

That the above numbered causes be continued and the Writs of Garnishment be granted.

That the Plaintiff be issued a Writ of Execution in the underlying case, 1:06-cv-00108-MP-AK.

Respectfully submitted,

Dated: July 17, 2007

_____
Joseph Albert Gandolff
Plaintiff Pro Se
1841 NW 55th Terrace
Gainesville, FL 32605
352-377-9920

```
RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 2330281 1 PG
2007 APR 16 02:08 PM BK 3581 PG 1278
J. K. "BUDDY" IRBY
CLERK OF CIRCUIT COURT
ALACHUA COUNTY, FLORIDA
CLERK25  Receipt#326384
```

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

JOSEPH ALBERT GANDOLFF

   VS                            CASE NO. 1:06-cv-00108-MP-AK

BY THE PLANET INC

**DEFAULT**


2330281

Upon Application of the Plaintiff in the above styled cause and having examined the records and there appearing to be no responsive pleadings filed by the defendant, default is hereby entered against BY THE PLANET, INC. on January 25, 2007. Plaintiff JOSEPH ALBERT GANDOLFF shall recover from the defendant, BY THE PLANET, INC., the sum of $2,768.72.

                             WILLIAM M. McCOOL, CLERK OF COURT

January 25, 2007             s/Traci Abrams
DATE                           Deputy Clerk: Traci Abrams

*CERTIFIED A TRUE COPY*
*WILLIAM M. McCOOL, Clerk*
*By [signature]*
*Deputy Clerk*

Document No.

EXHIBIT 1



# State of Florida
## Department of State

I certify the attached is a true and correct copy of the judgement lien filing, filed on April 23, 2007 reflecting BY THE PLANET, INC. as the judgment debtor(s), as shown by the records of this office.

The document number of this lien is J07900006228.



CR2E022 (01-06)

*Sue M. Cobb*
Sue M. Cobb
Secretary of State

EXHIBIT 2

## JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, FLORIDA STATUTES.

DO NOT PHOTOCOPY THIS FORM PRIOR TO USE.
BAR CODE MUST BE LEGIBLE.



19010886

J07900006228
FILED
Apr 23, 2007 8:00 am
Secretary of State
04-23-2007 90541 037 ****30.00

1. JUDGMENT DEBTOR (DEFENDANT) NAME AS SHOWN ON JUDGMENT, IF AN INDIVIDUAL, IS:

   LAST NAME / FIRST NAME / M.I.
   MAILING ADDRESS
   CITY / ST / ZIP

2. ADDITIONAL JUDGMENT DEBTOR, IF AN INDIVIDUAL, IS:

   LAST NAME / FIRST NAME / M.I.
   MAILING ADDRESS
   CITY / ST / ZIP

3. JUDGMENT DEBTOR (DEFENDANT) NAME AS SHOWN ON JUDGMENT, IF A BUSINESS ENTITY, IS:

   By The Planet, Inc.
   BUSINESS ENTITY NAME
   5111 NW 13th Street, Ste. A
   MAILING ADDRESS
   Gainesville    FL    32609
   CITY / ST / ZIP

4. FEDERAL EMPLOYER IDENTIFICATION NUMBER: 651201630

5. DEPARTMENT OF STATE DOCUMENT FILE NUMBER: P03000072976
   PLEASE CHECK BOX IF DOCUMENT NUMBER IS NOT APPLICABLE ☐

6. JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT OR CURRENT OWNER OF JUDGMENT, IF ASSIGNED:

   Joseph Albert Gandolff
   CREDITOR NAME(S)
   1841 NW 55th Terrace
   MAILING ADDRESS
   Gainesville    FL    32605
   CITY / ST / ZIP

7. DEPARTMENT OF STATE DOCUMENT FILE NUMBER: _____
   PLEASE CHECK BOX IF DOCUMENT NUMBER IS NOT APPLICABLE ☑

8. OWNER'S ATTORNEY OR AUTHORIZED REPRESENTATIVE: (ACKNOWLEDGMENT OF FILING WILL BE SENT TO THIS ADDRESS)

   Joseph Albert Gandolff
   NAME
   1841 NW 55th Terrace
   MAILING ADDRESS
   Gainesville    FL    32605
   CITY / ST / ZIP

9. AMOUNT DUE ON MONEY JUDGMENT: $2,768.72

10. APPLICABLE STATUTORY INTEREST RATE: Per Annum: 11%   Daily Rate: .0003014

THIS SPACE FOR USE BY FILING OFFICER

11. NAME OF COURT:
    United States District Court - Northern District Of Florida Gainesville Division

12. CASE NUMBER: 1:06-cv-00108-MP-AK

13. DATE OF ENTRY: January 25, 2007
    MONTH / DAY / YEAR

UNDER PENALTY OF PERJURY, I hereby certify that: (1) The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current and complete; (3) I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4) I have complied with all applicable laws in submitting this Judgment Lien Certificate for filing.

_____        Joseph Albert Gandolff
SIGNATURE OF CREDITOR OR AUTHORIZED REPRESENTATIVE        PRINT NAME

**NON-REFUNDABLE PROCESSING FEE:**
JUDGMENT LIEN WITH ONE DEBTOR $20.00        EACH ADDITIONAL DEBTOR $5.00
EACH ATTACHED PAGE, IF NECESSARY $5.00        (NO CHARGE FOR CREDITOR AFFIDAVIT)

CERTIFIED COPY REQUESTED $10.00 ☑

Division of Corporations • P.O. Box 6250 • Tallahassee, Fl 32314 • 850-245-6039

CR2E091(09/10/03)

EXHIBIT 2